## GALAMBOS v. HERSHKOWITZ.

(Supreme Court, Appellate Term, First Department. November 3, 1915.)

Fraud ⬥58—Actions—Damages—Evidence.

> In an action for fraud and deceit, based on defendant's act in procuring plaintiff's note, transferring it to another, who recovered judgment thereon, execution on which was returned unsatisfied, the entry of such judgment and issue of execution was not sufficient to establish damage to the amount of the judgment rendered, where plaintiff was judgment proof.

> [Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 55–59; Dec. Dig. ⬥58.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Arthur Galambos against Harry Hershkowitz. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Argued October term, 1915, before BIJUR, PAGE, and SHEARN, JJ.

Horace London, of New York City, for appellant.
Louis Levene, of New York City, for respondent.

SHEARN, J. The claim is that plaintiff, while indebted to a Mrs. Stein for $300 represented by his notes, which were long overdue, gave his note for $200 to the defendant, at defendant's request and

representation that defendant would get Mrs. Stein to accept the $200 note in liquidation of the $300 debt; that instead defendant used the note for his own purposes, and transferred it to another, who recovered judgment thereon against this plaintiff; that execution was issued on the judgment and returned unsatisfied; and that the plaintiff herein was examined in supplementary proceedings, but the judgment remains unpaid.

Defendant contended that he gave plaintiff $200 cash for the note. How the plaintiff could believe that his creditor, holding notes for $300 long overdue, would accept his further note for $200 in full settlement, is not apparent or explained. It suffices, however, to say that, assuming the other elements in an action for fraud and deceit were established, there was no proof of damage, except to a nominal amount. The entry of judgment and issue of execution thereon against the property of one who is judgment proof does not establish damage to the amount of the judgment entered.

Judgment reversed, and new trial ordered, with $30 costs to appellant to abide the event. All concur.